DECISION. *Page 2 
{¶ 1} Defendant-appellant Raymond Walker was charged with theft in violation of R.C. 2913.02, a first-degree misdemeanor. A bench trial was held and Walker was found guilty. He was sentenced to 30 days in jail, but those days were suspended in favor of six months of community control. Walker was also ordered to pay costs and to attend "NTCI." Three weeks later, Walker moved to dismiss "the case" against him, arguing that the trial court had convicted him of unauthorized use of property, not theft, when the phrases "Theft," "2913.02," and "M1F5" at the top of the journal entry had been crossed out, and when there appeared nearby in handwriting "Unauth Use Prop" and "M4". Because unauthorized use of property is not a lesser-included offense of theft, Walker argued that the court could not have properly convicted him of that offense. The trial court denied the motion, stating on the record that it did not have the authority to dismiss a case after a finding of guilty had been made and the sentence had been imposed.
 {¶ 2} Walker now appeals his conviction. Because we conclude that Walker was properly convicted of theft, we affirm the trial court's judgment.
 {¶ 3} In his single assignment of error, Walker maintains that the trial court erred by convicting him of "unauthorized use of property as a lesser included offense to the principal charge of petty theft." While Walker is correct that a defendant charged with theft cannot be convicted of unauthorized use of property, because that offense is not a lesser-included offense of theft, that is of no legal consequence here because Walker was not convicted of unauthorized use of property as defined in R.C. 2913.02. Walker stands convicted of theft as he stood charged for the following reasons. *Page 3 
 {¶ 4} Crim. R. 32(C) provides in part, "A judgment of conviction shall set forth the plea, the verdict or findings, and the sentence. * * * The judge shall sign the judgment and the clerk shall enter it on the journal. A judgment is effective only when entered on the journal * * *."
 {¶ 5} In State v. Reidel[1] we noted that the "[t]he common practice in the Hamilton County Municipal Court is for the judge hearing the case to make, in personal handwriting, the ministerial acts that Crim. R. 32(C) directs be done by the clerk. That court has adopted a form referred to as the `judge's sheet,' which is divided into three columns: the first captioned `Date'; the second captioned `Action'; and the third captioned `Signature of Judge.' "[2] The judge's sheet also includes a final page that is divided in half. The top half of this sheet lists the case number, the name of the defendant, the section violation, the defendant's plea, and the court's "finding." The second half of the sheet is directed to the Sheriff of Hamilton County and sets forth the sentence. At the bottom of the page are the judge's signature and the date. These sheets make up the court's journal.
 {¶ 6} Here, the last page of the court's journal indicated that the charge was "Theft," and it also included the notations "M1F5" and "2913.02". In the plea section was written "NG" and in the finding section was written "G." At the bottom of the page, after a description of Walker's sentence, appeared the date and the judge's signature, although it is not legible. This was in keeping with the finding of guilty as noted in the transcript of the bench trial. But there was more. For reasons not discernible from the record, someone (probably the judge) had lined through the charge of "Theft" and handwritten "Unauth Use Prop" and "M4." *Page 4 
 {¶ 7} In Reidel, we addressed a similar situation when "Theft" had been lined through on the judge's sheet sentencing entry and "Unauth Use Prop" had been handwritten next to "Theft." In that case, we held thatReidel had been properly convicted of theft as he stood charged. In support of our holding, we relied on the fact that the handwritten notations were undated and not accompanied by the signature of the judge.[3] We also relied on the fact that there had been "neither mention nor discussion of [the offense of unauthorized use of property] anywhere in the record."[4] Accordingly, we concluded that the casual notations on the judge's sheet were non sequiturs of no legal import.
 {¶ 8} Similar to Reidel, the handwritten notations here were not immediately accompanied by the signature of the judge or a date. And there was no mention of "unauthorized use of property" during the presentation of evidence at trial, at closing argument, or at sentencing. In fact, the transcript of the bench trial indicates that the judge had intended to find Walker guilty of theft. The prosecutor stated in closing that "there's enough here for the court to find that beyond a reasonable doubt that the defendant did, in fact, take the money from the lockbox." Immediately after this statement, the trial judge said, "[F]inding is guilty." There is no indication in the transcript of the trial that the trial judge was finding Walker guilty of unauthorized use of property instead of theft.[5] Accordingly, we are compelled, as we were in Reidel, to hold that the handwritten notations on the judge's sheet were non sequiturs and of no legal import. Accordingly, Walker's single assignment of error is overruled, and the judgment of the trial court is affirmed. *Page 5 
 DINKELACKER, J., concurs.
PAINTER, J., dissents.
Judgment affirmed.
[1] (Apr. 6, 2001), 1st Dist. No. C-000447.
[2] Id.
[3] Id.
[4] Id.
[5] The dissent points out that nowhere in the trial transcript did the trial court say that Walker was guilty of theft. This is true. But the record contains a complaint and a warrant charging Walker with theft in violation of R.C. 2913.02. Presumably, the trial was for theft.